UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

SMIRNA ORTIZ,

    Petitioner,

v.

WARDEN LOVETT,

    Respondent.

Civil Action No. 5: 22-323-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Smirna Ortiz is a federal inmate confined at a correctional institution in Bruceton Mills, West Virginia. Ortiz has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court screens the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Ortiz's petition under a more lenient standard because she is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

In July 2018, Ortiz was convicted in this Court of conspiracy to commit money laundering and was sentenced to 97 months imprisonment. *United States v. Ortiz*, No.

5: 17-CR-55-DCR (E.D. Ky. 2017) [R. 404 therein]. In September 2020 Ortiz sought compassionate release in light of concerns about COVID-19 and her mother's ability to care for Smirna's children. Those requests were denied. [R. 539, 544 therein]

In August 2022, Ortiz filed a habeas corpus petition in the United States District Court for the Western District of West Virginia. *Ortiz v. Lovett*, No. 5: 22-CV-199-JPB-JPM (N.D.W.V. 2022). In her § 2241 petition, Ortiz alleged that in June 2020 the prison was without running water for 10 days resulting in highly unsanitary conditions. Second, she alleged that the prison had recently been without hot water for 40 days because the water heater was broken. Third, Ortiz complained that for 18 months during the COVID-19 pandemic she was "locked down" for 23 hours a day. Fourth, she complained that she was unable to obtain sentencing credits under the First Step Act because she is subject to an outstanding immigration detainer. For relief, Ortiz requested "time reduction based on my unnecessary suffering due to inhumane treatment. I also want transferred to an ICE facility." [R. 1 therein]

The West Virginia district court liberally construed Ortiz's § 2241 petition as seeking an expanded period of home confinement under 18 U.S.C. § 3624(c) pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). The court denied relief, however, noting that only the Bureau of Prisons has the authority to grant it. [R. 5 therein (*citing United States v. Rucker*, 853 F. App'x 893 (4th Cir. 2021))] The court also noted that Ortiz might be able to seek compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) by filing a motion in her criminal case. The court's opinion clearly indicated that "[l]ike a § 2255 motion, a § 3582 motion must be filed in the movant's underlying criminal action and be addressed by the sentencing court." *See id.* at 2-3 (*quoting Robinson v. Wilson*, 2017 WL 5586981, at *5

(S.D. W.Va. Sept. 26, 2017), *report and recommendation adopted*, 2017 WL 5586272 (S.D. W.Va. Nov. 20, 2017)). Finally, the court noted that the Fourth Circuit does not permit conditions of confinement claims to serve as a basis to obtain release from custody or a shorter sentence in a habeas proceeding. [R. 5 therein at 3-4 (*citing Wilborn v. Mansukhani*, 795 F. App'x 163 (4th Cir. 2019))] The West Virginia court therefore denied the petition for lack of jurisdiction.

Ortiz filed her § 2241 petition in this Court six weeks later. [R. 1] The petition restates the same claims Ortiz previously asserted in her West Virginia petition; indeed, some pages are simply photocopies of those filed in that proceeding. *See id*. at 5-7. Ortiz again indicates that she is "challenging the living conditions where I am housed" and states that she "filed in the Northern District of WV and they told me to refile in Eastern KY." [R. 1 at 4] Ortiz states that she did not make an effort to file inmate grievances on the matter because she "feared retaliation." *See id*. at 6-7. Ortiz again requests "a time reduction based on my unnecessary suffering due to inhumane treatment. I also want my detainer removed due to my crime being undrug (*sic*) related." [R. 1 at 8]

The Court must deny Ortiz's § 2241 petition. A habeas corpus petition must be filed in the judicial district where the petitioner is confined because the only proper respondent is the warden of the facility with custody over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). The Court lacks habeas jurisdiction over the warden in West Virginia, *see* 28 U.S.C. § 2241(a), and this matter must therefore be dismissed. The West Virginia court already having denied habeas relief, this Court will not transfer the petition to West Virginia pursuant to

28 U.S.C. § 1651. The West Virginia district court did not, as Ortiz now states, tell her to re-file her § 2241 petition in this Court. Instead, it advised Ortiz that she could seek compassionate release by filing a motion in her criminal case. This does not mean that such a motion will succeed, only that it is an available means to seek relief. The Clerk of the Court will send Ortiz an appropriate form motion should she choose to follow that route.

    Accordingly, it is **ORDERED** as follows:

1. Smirna Ortiz's petition [R. 1] is **DENIED**.

2. This action is **STRICKEN** from the Court's docket.

3. The Clerk shall send Ortiz a **blank** Form AO 250 (available at https://www.uscourts.gov/sites/default/files/ao_250_0.pdf).

    Entered: December 15, 2022.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY